In Re COTTONWOOD CREEK CONSERVANCY DISTRICT NO. II IN LOGAN, OKLAHOMA, KINGFISHER, AND CANADIAN COUNTIES, State of Oklahoma.

No. 42347.

Court of Appeals of Oklahoma,
Division No. 1–A.

Dec. 30, 1969.

Stuart H. Russell, Oklahoma City, for plaintiffs in error.

George F. Short, Joanna S. Sepkowitz, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, for defendant in error.

IRWIN, Presiding Judge.

In Bridal v. Cottonwood Creek Conservancy District No. 11, 405 P.2d 17, this Court affirmed the judgment of the district court which approved the establishment of the conservancy district; and also affirmed that court's approval of the "Plans For Works Improvements" submitted by the District's Board of Directors, herein referred to as District. Since certain issues presented here involve matters in "Bridal", such case must be considered in conjunction with this appeal.

The proposed construction by District of Dam Site No. 33, in Canadian County, form the basis for this action. In "Bridal", the district court sustained a protest as to Canadian County land being included in the proposed conservancy district by striking said land from the proposed district and from the petition for the creation of such district. However, several dam sites located in Canadian County were included in District's "Plans For Works Improvements", which were approved by the district court and affirmed by this Court in "Bridal".

Dam Site No. 33 was included in the approved work plans and District later advertised for bids for the construction of the dam site. Three interested taxpayers (Jack Ziegelgruber, . S. R. Boling and Richard Cornforth), referred to as protestants, filed a motion in the district court requesting that court to review the advertisement for contract bids, the opening of the contract bids, and the award of contract bids, and after such review, to disapprove the advertisement for bids, and any award or proposed award of contracts for the construction of Dam Site No. 33.

District filed a response and the matter came on for hearing. The district court rendered judgment for District and Protestants have appealed from the order overruling their motion for a new trial.

Protestants do not assert and did not allege that there was any irregularity in the preparation and advertisement for the construction of Dam Site No. 33, or that the District Court contemplates or has awarded a contract other than that to the lowest and best bidder.

In examining the issues presented it appears that Protestants are attempting to employ the provisions of 82 O.S.Supp.1963, § 569, to re-litigate the matters that have been previously determined, and which have become final.

█ Protestants contend that the district court did not have jurisdiction to approve the construction of Dam Site No. 33 in Canadian County, since the district court had deleted all lands in Canadian County from the conservancy district when the conservancy district was established.

The record in "Bridal", reflects that after the conservancy district was established, Dam Site No. 33 was included in the work plans submitted by District in December, 1962, for approval by the district court; that notice was given concerning the hearing on the work plans; that all three pro-

testants filed a protest to the approval of the work plans in January, 1963; and that the work plan was approved by the district court and affirmed by this Court. The record also discloses that Protestants do not own the land on which Dam Site No. 33 is to be constructed.

In "Bridal", we considered the proposed construction of Dam Sites No. 16 and No. 17, both located in Canadian County. Those Dam Sites were included in District's original work plan the same as Dam Site No. 33, and approved by the district court, and we affirmed the judgment of the district court which approved the proposed construction of Dam Sites No. 16 and No. 17, in Canadian County.

"Bridal", is dispositive of this issue presented.

 Protestants contend the district court committed reversible error in approving the award of the contract for the construction of Dam Site No. 33, by refusing to receive evidence offered or to consider evidence received that the construction of such dam site alone was not economically feasible.

In effect, Protestants are attempting to employ the provisions of 82 O.S. Supp.1963, § 569, to challenge the construction of the proposed dam site. This section relates to the letting of contracts for the construction of improvements in a conservancy district and does not relate to challenging the advisability of the construction.

The district court approved the inclusion of Dam Site No. 33 when it approved the work plan and it has remained a part of the work plan. Protestants may not in this proceeding re-litigate matters previously determined which have become final.

Protestants contend that the district court never had jurisdiction of this proceeding because the original petition to create the conservancy district did not contain the percentage of signatures required by statute.

In "Bridal", the jurisdiction of the district court was challenged and we affirmed the judgment of the district court establishing the conservancy district. In our opinion that case is dispositive of the issue of jurisdiction in the instant proceeding.

Judgment affirmed.

WILSON and MARIS, JJ., concur.